STATE OF WEST VIRGINIA

*In re*: **B.S.-2, T.S., and D.S.**

**No. 16-0374** (Monongalia County 15-JA-37, 15-JA-38, & 15-JA-39)

**FILED**

**November 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Father B.S.-1, by counsel Scott A. Shough, appeals the Circuit Court of Monongalia County's January 15, 2016, order terminating his parental rights to eight-month-old B.S.-2, eleven-year-old T.S., and nine-year-old D.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Michelle L. Minutelli, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion to continue the dispositional hearing and in terminating his parental rights to the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2015, the DHHR filed an abuse and neglect petition against petitioner alleging that his parental rights to another child had been previously terminated. The petition contained additional allegations that the mother abused illegal drugs throughout her pregnancy with B.S.-2 and had a history of substance abuse that affected her ability to parent. Subsequently, petitioner waived his rights to a preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Because one of the children and petitioner in this case share the same initials, we have distinguished each of them using numbers 1 and 2 after their initials in this memorandum decision.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed at the time of the lower court proceedings.

1

In July of 2015, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations as contained in the petition. Based upon petitioner's stipulation, the circuit court found that petitioner abused the children. In September of 2015, the circuit court held an initial dispositional hearing during which it granted petitioner's motion for a post-adjudicatory improvement period. The terms and conditions of petitioner's improvement period required him to submit to a psychological evaluation and random drug screens, participate in parenting and adult life skills education, and enter an inpatient drug treatment facility. He was also granted supervised visits with the children.

In November of 2015, the circuit court held a hearing to review petitioner's post-adjudicatory hearing. A DHHR worker testified that petitioner failed to participate in random drug screens after testing positive for cocaine in July of 2015. The worker also testified that petitioner failed to enter an inpatient drug treatment facility or regularly attend parenting and adult life skills services. The worker further testified that petitioner also had not visited the children since October of 2015. At the close of the evidence, the circuit court terminated petitioner's post-adjudicatory improvement period.

In January of 2016, the circuit court held a final dispositional hearing wherein petitioner failed to appear in person. Petitioner's counsel moved the circuit court for a continuance. The circuit court denied said motion and based its denial on petitioner's failure to participate in the proceedings by his absence. By order entered on January 15, 2016, the circuit court terminated petitioner's parental rights to the children. In doing so, it found that petitioner failed to successfully complete his improvement period or participate in services. The circuit court also found that petitioner failed to submit to random drug screening, attend substance abuse treatment, or attend regular visitation with the children. The circuit court further found that petitioner failed to attend a hearing despite receiving notice. It also found that it was in the children's best interest to terminate petitioner's parental rights. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, we find no error in the circuit court's denying petitioner's motion to continue the dispositional hearing or in terminating his parental rights.

On appeal, petitioner argues that the circuit court erred in denying his motion to continue the dispositional hearing because he appeared at the first three hearings during this matter and that it was only after October of 2015 that his attendance became "problematic." We disagree. We have previously held that the decision to grant a motion for a continuance in an abuse and neglect proceeding "is a matter left to the discretion of the circuit court." *In re Tiffany Marie S.*, 196 W.Va. 223, 235, 470 S.E.2d 177, 189 (1996). As previously mentioned, the record on appeal indicates that petitioner was represented by counsel at the dispositional hearing. Contrary to petitioner's argument, his presence would not have had an impact on the hearing. The record on appeal indicates that petitioner failed to make any progress during the pendency of this case. As such, we find that the circuit court did not err in denying petitioner's motion to continue.

Next, petitioner argues that the circuit court erred in terminating his parental rights because he expressed a "desire to seek and complete" substance abuse treatment through the United States Veteran's Administration. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which a respondent parent has

> . . . not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

However, we have held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, *In re Katie S.*, 198 W.Va. 79 at 82, 479 S.E.2d 589 at 592 (1996).

In the proceedings below, the circuit court was presented with sufficient evidence to determine that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. As discussed above, petitioner failed to enter an inpatient drug treatment program and failed to submit to random drug screens, after testing positive for drugs during the pendency of the abuse and neglect proceedings. Further, as noted by the circuit court in its findings, petitioner failed to participate in services and it is in the children's best interest to terminate petitioner's rights. Consequently, under the facts presented here, we find no error in the circuit court's termination order.

For the foregoing reasons, we hereby affirm the circuit court's January 15, 2016, order.

Affirmed.

**ISSUED**: November 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II